UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY JAMES MOENCH,

        Petitioner,                              Case No. 14-11816

v.

                                            Honorable Linda V. Parker

O. C. WINN,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING THE HABEAS CORPUS PETITION [ECF NO. 1], DECLINING TO GRANT A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

State prisoner Anthony James Moench ("Petitioner") recently filed a *pro se* habeas corpus petition challenging his state convictions for first and second-degree criminal sexual conduct, Mich. Comp. Laws §§ 750.520b and 750.520c. He argues that he is entitled to be re-sentenced under correct sentencing guidelines, and that his trial attorney, the prosecution, and the trial court, violated his right to due process by not ensuring that the state sentencing guidelines were properly scored. Respondent O.C. Winn ("Respondent") urges the Court to dismiss the habeas petition on the grounds that the petition is untimely and that Petitioner's claims lack substantive merit. The Court agrees that habeas relief is not warranted, and accordingly, the petition will be **DISMISSED**.

## I.  Background and Procedural History

Petitioner was charged in Tuscola County, Michigan with twenty-four counts of criminal sexual conduct in the first degree, Mich. Comp. Laws § 750.520b(1)(b) (sexual penetration of a person who is at least thirteen years old, but less than sixteen years old), and twelve counts of criminal sexual conduct in the second degree, Mich. Comp. Laws § 750.520c(1)(b) (sexual contact with a person at least thirteen years old, but less than sixteen years old).  The charges arose from allegations that Petitioner engaged in sexual conduct with his two underage stepdaughters.

On June 16, 2008, in Tuscola County Circuit Court, Petitioner pleaded guilty to two counts of first-degree criminal sexual conduct and one count of second-degree criminal sexual conduct.  As a factual basis for his plea, Petitioner admitted that he touched his stepdaughter in a sexual manner when she was a member of his household and under the age of fifteen, and that, on two occasions, he had oral sex with her.

In exchange for Petitioner's plea, the prosecutor dismissed all the other counts against him and agreed to a sentence within the state sentencing guidelines instead of a twenty-five year minimum sentence that could have been imposed. On August 4, 2008, the state trial court sentenced Petitioner within the guidelines to two concurrent terms of 18 years, 9 months – 40 years in prison for the two counts of first-degree criminal sexual conduct; and 10 – 15 years in prison for the second-degree conviction. Petitioner did not pursue a direct appeal from his convictions, and the deadline for

doing so expired one year after the judgment of sentence was entered on August 14, 2008.

On June 28, 2012, Petitioner raised his habeas claims in a motion for relief from judgment. The trial judge's successor denied the motion in a reasoned opinion, and, on September 25, 2013, the Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. *See People v. Moench*, No. 315905 (Mich. Ct. App. Sept. 25, 2013). On February 28, 2014, the Michigan Supreme Court denied leave to appeal because Petitioner failed to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Moench*, 495 Mich. 947; 843 N.W.2d 536 (2014) (table).

Finally, on May 1, 2014, Petitioner signed and dated his habeas corpus petition. Although the Clerk of the Court filed the petition on May 5, 2014, this Court deems the petition filed on May 1, 2014, when Petitioner dated his petition and presumably submitted it to prison officials for filing with the Court. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (explaining that, under the "relaxed filing standard" of the "prison mailbox rule," "a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court" and that, "absent contrary evidence, a prisoner does so on the date he or she signed the complaint").

In his petition, Petitioner argues that: (1) he is entitled to be re-sentenced under

correct sentencing guidelines; and (2) defense counsel, the prosecution, and the trial court violated his due process right to have the sentencing guidelines correctly scored. Petitioner claims that if the sentencing guidelines had been correctly scored, the guidelines range for his minimum sentence would have been 42 – 70 months instead of 135 – 225 months. He maintains that defense counsel was ineffective for failing to object to the inaccurate guidelines score, that the prosecutor should have corrected the errors, and that the trial court abused its discretion by failing to recognize the errors. Respondent argues in an answer to the petition that these claims lack merit and also are barred from substantive review by the one-year statute of limitations.

## II.  Analysis

### A.  The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year period of limitation for state prisoners to file a federal habeas corpus petition. *Wall v. Kholi,* 131 S. Ct. 1278, 1283 (2011) (citing 28 U.S.C. § 2244(d)(1)). The period of limitation runs from the latest of the following four dates:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The limitation period is tolled "during the pendency of a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim.' " *Kholi*, 131 S. Ct. at 1283 (quoting 28 U.S.C. § 2244(d)(2)).

Petitioner is not relying on a newly recognized constitutional right or on newly discovered facts, and he has not alleged that the State created an impediment to filing a timely habeas petition. *Cf.* 28 U.S.C. § 2244(d)(1)(B-D). Consequently, the statute of limitations began to run when Petitioner's convictions "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

"Direct review" under § 2244(d)(1)(A) concludes when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119, 129 S. Ct. 681, 685, 172 L. Ed. 2d 475 (2009). "Until that time, the 'process of direct review' has not 'com[e] to an end' and 'a presumption of finality and legality' cannot yet have 'attache[d] to the

conviction and sentence.'" *Id.*, 555 U.S. at 119-120; 103 S. Ct. at 685-86 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 887, 103 S. Ct. 3383, 3391-92, 77 L. Ed. 2d 1090 (1983)).

A petition for writ of certiorari to review a judgment entered by a state's highest court must be filed in the United States Supreme Court within ninety days after entry of the state court judgment. Sup. Ct. R. 13.1. For inmates like Petitioner who did not pursue direct review to the United States Supreme Court, "the judgment becomes final at the 'expiration of the time for seeking such review' – when the time for pursuing direct review in [the Supreme] Court, or in state court, expires." *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012).

Petitioner was sentenced on August 4, 2008, *see* (Judgment of Sentence, ECF No. 11-6 at Pg. ID 136–37), but the final judgment of sentence was entered on the state trial court's docket on August 14, 2008. (Tuscola Cnty. Cir. Ct. Register of Actions for case #08-0218FY, ECF No. 11-1). Under Michigan Court Rule 7.205(G)(3), Petitioner had one year to pursue a direct appeal from his sentence.[1] Because he failed to pursue a direct appeal, his conviction became final on August 14, 2009, one year after the final judgment of sentence was entered on the state court's docket. The one-year period of limitation for filing a habeas petition began to run on

---

[1] In 2011, the deadline for appealing a conviction was reduced to six months. *See* Staff Comment to December 2011 Amendment to Rule 7.205.

the following day, *Miller v. Collins*, 305 F.3d 491, 495 n.4 (6th Cir. 2002), and, because there were no post-conviction motions pending in state court at the time, the statute of limitations expired one year later on August 14, 2010. Petitioner filed his habeas corpus petition over three and a half years later on May 1, 2014.

Petitioner maintains that his petition is timely because it was filed within one year of February 28, 2014, when the Michigan Supreme Court denied leave to appeal on state collateral review. (*See* Brief in Support of Pet. for Writ of Habeas Corpus, ECF No. 1 at Pg. ID 11.) Although the limitation period is tolled while a properly filed post-conviction motion is pending in state court, 28 U.S.C. § 2244(d)(2), the statute of limitations expired in this case on August 14, 2010. Petitioner filed his motion for relief from judgment in state court almost two years later on June 28, 2012. The motion and subsequent appeals from the trial court's decision did not revive the limitations period or re-start the clock at zero, *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D. N.Y. 1998)), because the one-year statute of limitations had already run. *Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002). The tolling provision of § 2244(d)(2) "can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Rashid*, 991 F. Supp. at 259. Petitioner's habeas petition, therefore, is time-barred, absent equitable tolling or a showing of actual innocence.

### 1. Equitable Tolling

The habeas statute of limitations is not a strict jurisdictional rule; instead, it "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). But "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749–50 (6th Cir. 2011) (adopting *Holland's* two-part test for determining whether a habeas petitioner is entitled to equitable tolling), *cert. denied sub nom Hall v. Brunsman*, S. Ct. 187 (2012).

Petitioner was not diligent in pursuing his rights, and even though he alleges that he did not think he could appeal a plea-based conviction, (*see* Pet. for Writ of Habeas Corpus, ECF No. 1 at Pg. ID 2), he was informed at his sentencing that he could apply for leave to appeal. (*See* Sentencing Tr., ECF No. 6-7, Aug. 4, 2008.) He also acknowledged in writing that he was entitled to appeal his convictions. (*See* Advice of Rights Form, ECF No. 11-2 at Pg. ID 111; *see also* Notice of Right to Appellate Review, ECF No. 11-4 at Pg. ID 127.) Petitioner has not demonstrated that any extraordinary circumstances stood in his way of filing a timely habeas petition. Therefore, he is not entitled to equitable tolling of the limitation period.

### 2. Actual Innocence

The Supreme Court has held that actual innocence, if proved, serves as a gateway through which a habeas petitioner may pass when the impediment to consideration of the merits of his constitutional claims is the expiration of the statute of limitations. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). Nevertheless, for a claim of actual innocence to be credible, a petitioner must "support his allegations of constitutional errors with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "[T]enable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Perkins*, 133 S. Ct. at 1928 (quoting *Schlup*, 513 U.S. at 329).

Petitioner pleaded guilty, and he has not contested his guilty plea, nor submitted any new and reliable evidence of actual innocence. Therefore, AEDPA's time limitation applies here. *Id.* at 1933 (stating that "AEDPA's time limitations apply to the typical case in which no allegation of actual innocence is made").

## B. On the Merits

Petitioner would not be entitled to habeas relief even if his petition were timely, because the state courts' adjudications of his claims on the merits were not

contrary to Supreme Court precedent, an unreasonable application of Supreme Court precedent, or an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Nor were the state-court rulings "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 131 S. Ct. 770, 786–87 (2011).

To begin with, a challenge to the scoring of the sentencing guidelines does not raise a cognizable claim on habeas review. *Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001). And even though Petitioner alleges that the state trial court violated his constitutional right to due process by relying on inaccurate information, the trial court carefully reviewed his claims and found no merit in them. Regarding offense variable 4 (psychological injury to the victim), the court pointed out that the victims in this case were in counseling at the time of Petitioner's sentencing and, therefore, offense variable 4 was properly scored 10 points for a victim's "serious psychological injury requiring professional treatment." Mich. Comp. Laws § 777.34(1)(a).

Regarding offense variable 9 (number of victims), the trial court noted that Petitioner admitted to committing sexual acts with both of his stepdaughters. The trial court reasonably concluded that offense variable 9 was correctly scored 10 points for "2 to 9 victims who were placed in danger of physical injury." Mich. Comp. Laws

§ 777.39(1)(c).

The trial court also found no merit in Petitioner's claim about offense variable 10, which "is exploitation of a vulnerable victim." Mich. Comp. Laws § 777.40(1). Petitioner received 15 points for "predatory conduct." Mich. Comp. Laws § 777.40(1)(a). This score was supported by evidence that Petitioner repeatedly assaulted the victims over a period of time before the abuse was discovered. He sexually assaulted one victim after making her go in his bedroom and locking the bedroom door. One victim apparently was autistic and susceptible to persuasion by virtue of being Petitioner's stepdaughter. The evidence warranted a score of 15 points for predatory conduct and exploitation of a vulnerable victim.

Offense variable 13 assesses whether there was a "continuing pattern of criminal behavior." Mich. Comp. Laws § 777.43. Petitioner received 25 points on the basis that his "offense was part of a pattern of felonious criminal activity involving a combination of 3 or more crimes against a person." Mich. Comp. Laws § 777.43(1)(c). Because he was charged with 36 counts of criminal sexual conduct against underage individuals, there clearly was a pattern of felonious criminal activity, warranting a score of twenty-five points.

The only prior record variable that Petitioner challenges is number 7, which addresses "subsequent or concurrent felony convictions." Mich. Comp. Laws § 777.57. Petitioner received a score of 20 points for "2 or more subsequent or

concurrent convictions." Mich. Comp. Laws § 777.57(1)(a). The trial court reasonably determined that this was an accurate score because Petitioner had two or more concurrent felony convictions by the time he was sentenced.

This Court is bound by the state court's interpretation of state law. *Bradshaw v. Richey*, 546 U.S. 74, 76, 126 S. Ct. 602, 604, 163 L. Ed. 2d 407 (2005). And, for the reasons given by state trial court, it is clear that the court did not rely on "misinformation of constitutional magnitude," *United States v. Tucker*, 404 U.S. 443, 447, 92 S. Ct. 589, 591-92, 30 L. Ed. 2d 592 (1972), or on "extensively and materially false" information that Petitioner had no opportunity to correct through counsel, *Townsend v. Burke*, 334 U.S. 736, 741, 68 S. Ct. 1252, 1255, 92 L. Ed 1690 (1948). Thus, Petitioner's challenge to the scoring of the state sentencing guidelines, and his related claims about defense counsel, the prosecutor, and the trial court do not warrant habeas relief.

### III. Conclusion

Petitioner's claims lack merit. Furthermore, he filed his habeas petition more than one year after his convictions became final, and neither statutory tolling under 28 U.S.C. § 2244(d)(2), nor equitable tolling of the limitation period, apply here. Petitioner also has not demonstrated that he is actually innocent of the crimes for which he was convicted and sentenced.

Accordingly,

12

**IT IS ORDERED** that the petition for writ of habeas corpus (Dkt. #1) is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because reasonable jurists would not find the Court's procedural ruling incorrect, nor conclude that the habeas petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d.2d 542 (2000).

**IT IS FURTHER ORDERED** that Petitioner may not proceed *in forma pauperis* on appeal because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**SO ORDERED**.

                                              S/ Linda V. Parker
                                              LINDA V. PARKER
                                              U.S. DISTRICT JUDGE

Dated: April 27, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 27, 2015, by electronic and/or U.S. First Class mail.

                                              S/ Richard Loury
                                              Case Manager